UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO: 8:19-cr-00488-CEH-JSS

HENRY JOSE MARQUEZ

_____/

## ORDER

This matter comes before the Court upon Defendant's Motion for Reconsideration [Doc. 371] and the United States' Response in Opposition [Doc. 412]. Defendant moves for reconsideration of the Court's order denying his motion for a guideline reduction recognizing his minor role in the offense pursuant to *United States Sentencing Guidelines Section*, 3B1.2. Having considered the motion and being fully advised in the premises, the Court will **DENY** Defendant's Motion for Reconsideration.

## I.   BACKGROUND

On April 27, 2021, Defendant entered a plea of guilty to the two counts charged in the Indictment.[1] [Doc. 272]. The plea was accepted by the Court on May 17, 2021,

---

[1] Count One of the indictment charged that "while upon the high seas" Defendant "knowingly, willfully, and intentionally combine[d], conspire[d], and agree[d] with [co-defendants] and other persons . . . to possess with intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine." [Doc. 1 at pp. 1-2]. Count II alleges that Defendant "knowingly and intentionally, while aiding and abetting [co-defendants] and other persons . . .possess[ed] with intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine." *Id.* at p. 2.

and Defendant appeared before the Court for sentencing on August 11, 2021. [Docs. 294, 360].

At the sentencing hearing, Defendant requested a minor role reduction. [Doc. 402 at p. 9: l. 14 – p. 15: l. 6]. The United States raised several arguments in opposition to the minor role reduction. *Id.* at p. 16: l. 4 – p. 23: l. 9. It argued that Defendant had a primary role because he was the one responsible for keeping the vessel from sinking. *Id.* at p. 19: l. 24 – p. 25: l. 21: l. 1. It also noted that it had "evidence from at least three mariners that [Defendant] as well as the captain were the only two individuals on that vessel who were communicating with the people in charge in Venezuela" and it believed this was because he was an important person in the conspiracy. *Id.* at p. 21: l. 2 – p. 22: l. 1. The United States argued further that there was evidence that Defendant, like the captain, was expected to receive more money for his role in the drug venture. *Id.* at p. 22: l. 2 – l. 20. Defendant objected to the Court's consideration of statements from co-defendants that the United States referenced in its argument— and specifically that Defendant had talked to people in Venezuela, as he had not seen the entirety of the statements and was entitled to a copy of the statements to the extent they would be used against him. *Id.* at p. 23: l. 14 – p. 15: l. 10.

Ultimately, the Court denied the request for a minor role reduction. The Court specifically found that Defendant was "an average participant in the drug trafficking venture given his responsibilities and the authority he had consistent with the facts set forth in the presentence investigation report as the chief engineer and including his statement that he was the chief engineer." *Id.* at p. 31: l. 13 -32: l. 3.

2

Defendant now moves for reconsideration of the order denying his motion for a guideline reduction recognizing his minor role in the offense. [Doc. 371]. He argues that the entirety of the Government's evidence in opposition was hearsay statements, which included co-defendants' purported statements regarding Defendant's telephone communications, possible differentials in pay and other matters. *Id.* at pp. 2-3. He argues that he was denied due process because he requested copies of the written statements and they were not provided. *Id.* at p. 3. He further requests that the evidence be stricken and that the Court enter an amended final judgment that reflects the requested reduction. *Id.* at pp. 3-4.

In response,[2] the United States points out that the designation of Defendant as a "chief engineer" in the presentence report ("PSR") was based on Defendant's own statements and also on the ship's paperwork, which listed Defendant as the chief engineer. [Doc. 412 at p. 12]. It also disagrees with Defendant's argument that "chief engineer" is a "term of art," noting that Defendant's job was "to try to keep the boat from sinking and try[ ] to keep the engine running which was an around the clock job." *Id*. at p. 3. The United States further argues that all the statements were disclosed to defendant and contained in the PSR. *Id.* Moreover, the United States notes that the Court stated it would not consider the statements about the proffers considering the

---

[2] Pursuant to Local Rule 3.01(c), M.D. Fla., "[a] party may respond to a motion within fourteen days after service of the motion." "If a party fails to timely respond, the motion is subject to treatment as unopposed." *Id.* Because the United States did not respond within fourteen days of August 25, 2021, the date the motion was filed, it was ordered to file a response. [Docs. 371, 411].

objection and it is clear that the denial of the minor role reduction was based entirely on the information available in Defendant's PSR. *Id.* at p. 4-6. Finally, the United States contends that Defendant offers no new facts or evidence in support of a minor role reduction and makes the very same argument that the Court has already heard. *Id.* at p. 6.

## II.   DISCUSSION

The Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration. *United States v. Russell*, 994 F.3d 1230, 1243 n.4 (11th Cir. 2021) ("[N]o statute or rule expressly provides for the filing of a motion for reconsideration in criminal cases."). Notwithstanding, both the Supreme Court and the Eleventh Circuit Court of Appeals have permitted parties to file motions for reconsideration in criminal cases. *See United States v. Phillips*, 597 F.3d 1190, 1199–1200 (11th Cir. 2010) (citing *United States v. Ibarra*, 502 U.S. 1, 6–8 (1991)). District courts necessarily have substantial discretion in ruling on such motions. *Russell*, 994 F.3d at 1243 n.4. "In using their discretion, district courts . . . generally employ the standards underlying motions for reconsideration in civil cases." *Id.* (quotation omitted).

Reconsideration of an order is usually justified by (i) an intervening change in controlling law; (ii) the availability of new evidence; or (iii) the need to correct clear error or manifest injustice. *Id.* "A motion for reconsideration cannot be used to 'relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.' " *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957

(11th Cir. 2009) (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.,* 408 F.3d 757, 763 (11th Cir.2005)); *PBT Real Est., LLC v. Town of Palm Beach*, 988 F.3d 1274, 1287 (11th Cir. 2021) (stating same). The motion must demonstrate why the court should reconsider its decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007). "This ordinarily requires a showing 'of clear and obvious error where the interests of justice demand correction.' " *Id.* (quoting *Prudential Sec., Inc. v. Emerson,* 919 F.Supp. 415, 417 (M.D.Fla.1996)).

The Court first notes that Defendant's filing of the notice of appeal after filing the motion for reconsideration does not divest the court of jurisdiction to rule on the motion. *See United States v. Erland*, 352 F. App'x 363, 365 n.6 (11th Cir. 2009) ("finding that notice of appeal did not divest the district court of jurisdiction until the district court entered its order granting motion for reconsideration filed the same day); *United States v. Wilson*, 307 F. App'x 314, 315 (11th Cir. 2009) (holding that notice of appeal did not oust the district court of jurisdiction until it ruled on the motion for reconsideration).

Having addressed the issue as to jurisdiction to enter this order, the Court finds that Defendant has not met his burden on a motion for reconsideration. As an initial matter, Defendant has not identified which of the three bases for reconsideration support his request for relief. The Court construes his request as one to correct clear error or manifest injustice in light of the nature of his argument—that hearsay evidence from proffers co-defendants made to law enforcement officers, which Defendant had

not received, was introduced at the sentencing hearing. The transcript of the sentencing hearing clearly reflects that the Court did not consider the co-defendants' proffers when ruling on Defendant's request for a minor role reduction.

At the time Defendant objected to consideration of the co-defendants' statements, the Court indicated that the "ruling will be based upon the offense conduct contained in the presentence investigation report," which included a number of statements by Defendant. [Doc. 402 at p. 24: l. 11 – l. 24]. The Court also stated it would not rely upon the proffered statements regarding the money. *Id.* at p. 26: l. 16 – p. 27: l. 1. Thus, Defendant erroneously contends that the Court relied on the co-defendants' proffered statements.

In finding that Defendant was not entitled to a minor role reduction, the Court reasoned that Defendant's culpability was greater than those crew members receiving the minor role reduction. *Id.* at p. 29: l. 18 – l. 21. The vessel was required to have a chief engineer to leave Venezuela. *Id.* at p. 31: l. 3 – l. 12.  Defendant served in that role and was responsible for keeping the vessel floating.[3] *Id.* at p. 29: l. 22 – p. 30: l. 3. In fact, the Court noted that the PSR reflected that he spent about a month, at one point, just simply trying to keep the vessel afloat. *Id.* at p. 29: l. 22 – p. 30: l. 3. As such, the Court found that his role was integral to the operation of the vessel. *Id.* at p. 30: l. 17 – l. 20. Based upon review of the PSR and consideration of the argument of counsel

---

[3] The Court also noted that "while . . . [D]efendant did not participate in the planning or organizing, he exercised some decision-making authority on board the vessel as it relates to maintaining and keeping the vessel afloat." *Id.* at p: 31: l. 5 – l. 9.

and the totality of factors, the Court determined that Defendant had not established entitlement to a minor role reduction. *Id.* at p. 31: l. 3 – p. 32: l. 3. As Defendant has not shown an intervening change in controlling law, clear error or manifest injustice, or presented new evidence, the request for reconsideration must be denied.

Accordingly, it is hereby **ORDERED**:

1.  Defendant's Motion for Reconsideration [Doc. 371] is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on November 23, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any

7